Dear Deputy Robichaux:
You have requested an opinion of the Attorney General relative to the Louisiana Public Employees Deferred Compensation Plan ("Plan"). You state that employees of the Sheriff's Department have been making employee contributions since June of 1991. These employees are ineligible to be in any other pension plan and are not participants in Social Security.
You further state that, due to budgetary constraints, the Sheriff's Department ("Department") has never participated in the Plan through the transmission of employer contributions. However, the Department is now in a financial position to make such contributions. You ask whether it is legally permissible for employer contributions to be made and, if so, can such contributions be retroactive to 1991.
The Plan was established in accordance with R.S. 42:1301-1308 and IRC Section 457, for the purpose for providing supplemental retirement income to employees and independent contractors of a Louisiana public employer, by offering such individuals the opportunity to defer a portion of their compensation into the Plan. This office has previously recognized the authority of political subdivisions of the State to participate as employers under the Plan pursuant to the following scenarios:
1. As a voluntary plan with employee only deferrals, separate from, and in addition to, a primary retirement plan or Social Security coverage.
2. As a mandatory plan with employee only deferrals, in lieu of Social Security Coverage (as per IRC Section 3121).
3. As a mandatory plan with employee and employer contributions, in lieu of Social Security Coverage (as per IRC Section 3121).
4. As a voluntary plan with employee contributions and employer match, as a supplemental retirement arrangement, separate from, and in addition to, a primary retirement plan or Social Security Coverage.
The constitutional provision authorizing the expenditure of public funds for the purpose contemplated in your request is found at Article VII, Section 14 of the 1974 Constitution of the State of Louisiana. It provides in pertinent part, the following:
"Section 14.
 (A) Prohibited Uses. Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private . . . .
 (B) Authorized Uses. Nothing in this Section shall prevent . . . (2) contributions of public funds to pension and insurance programs for the benefit of public employees;"
As can be gleaned from the above, the Sheriff's Department may expend public funds in the form of employer contributions to the Louisiana Deferred Compensation Plan. We turn now to the issue of retroactivity.
As previously noted, contributions of public funds to pension programs for the benefit of public employees constitute one of the exceptions to the general prohibition against the donation of public funds. Thus, retroactive participation through employer contributions in the Plan would not constitute a violation of Article VII, Section 14. However, IRC Section 457 considers any contribution as being made for the calendar year in which it is received. Further, Section 457 limits total contributions for any one calendar year to a maximum of 25% of the employee's adjusted gross income, not to exceed $7,500. An exception enables an individual to invest up to $15,000 per year for the three years prior to retirement. Accordingly, any attempt to make "retroactive" contributions would be limited by the restrictions imposed by federal law.
We recommend that, prior to implementing a plan calling for employer contributions, you contact Joe Dionisi with the Louisiana Deferred Compensation Commission at (504) 926-8082.
Trusting this adequately responds to your inquiries, I am
Very truly yours,
RICHARD P. IEYOUB
 ATTORNEY GENERAL
 By: ______________________________________ ROBERT E. HARROUN, III
Assistant Attorney General
RPI/Rob, III/cla
cc: Joe Dionisi
Date Received:
Date Released:
Robert E. Harroun, III Assistant Attorney General